■ ANN FRIEDMAN et al., Respondents, v ALBERT MEYER et al., Appellants. — In a medical malpractice action, defendants appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 2, 1981, denying their respective motions for summary judgment. Order reversed, on the law, with $50 costs and disbursements payable to the appellant hospital, and defendants' motions for summary judgment are granted. Plaintiffs allege that due to the negligence of defendants, or because of actions taken by them

without the plaintiff wife's informed consent, the plaintiff wife was caused to deliver a stillborn infant. No physical injuries are claimed. Rather, the plaintiff wife seeks to recover solely for mental or emotional injuries and her husband seeks to recover for the loss of his wife's services. Special Term denied defendants' motions for summary judgment. We reverse. It is by now well established that even assuming the death of the fetus *in utero* was caused by defendants' wrongful acts, absent independent physical injuries, the plaintiff wife may not recover for emotional and psychic harm as a result of the stillborn birth (see *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; see, also, *Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277; *Aquilio v Nelson,* 78 AD2d 195). *Endresz v Friedberg* (24 NY2d 478) does not command otherwise. That case held that no action for wrongful death could be maintained by the personal representative of a stillborn fetus, although the plaintiff wife was held entitled to recover for the mental injuries she sustained, including "the emotional upset attending the stillbirths", as a concomitant to the actual physical injuries she had suffered in the automobile accident (24 NY2d, at p 487). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.