■ ALYCE ZINN et al., Respondents, v LONG ISLAND JEWISH MEDICAL CENTER et al., Appellants. — In a medical malpractice action, the defendants appeal from an order of the Supreme Court, Kings County (Composto, J.), dated June 8, 1983, which denied their motion and cross motions for summary judgment

dismissing the complaint and, *sua sponte,* directed the plaintiffs to serve an amended bill of particulars. ¶ Order affirmed, with one bill of costs. Plaintiffs time to serve the amended bill of particulars is extended until 20 days after service upon them a copy of the order to be entered hereon, with notice of entry. Defendants, if they be so advised, may conduct further oral and physical examinations with respect to new information contained in the amended bill of particulars. ¶ This is a medical malpractice case in which an emergency caesarean section was performed on plaintiff Alyce Zinn. The fetus died in the course of the delivery. The plaintiffs' amended verified complaint seeks recovery on behalf of plaintiff Alyce Zinn, *inter alia,* for "severe and serious personal injuries, severe psychological injuries, severe physical pain and mental anguish as a result thereof" as well as "severe and serious physical and psychological injuries". The claim of physical injury in the case at bar distinguishes this matter from cases such as *Friedman v Meyer* (90 AD2d 511), where recovery was sought solely for the emotional or psychological harm which was sustained by the parents as a result of a stillborn birth. Consequently, Special Term correctly denied defendants' motion and cross motions for summary judgment. ¶ In order to dispel confusion as to the nature of the claim of injuries, Special Term went on to strike items Nos. 9 and 10 from the plaintiffs' bill of particulars and directed the plaintiffs to serve an amended bill of particulars responsive to said demands. In so doing, Special Term did not abuse its discretion. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.