MARTA H. TEBBUTT et al., Appellants, v ROBERT VIROSTEK, Respondent.

Third Department, June 21, 1984

**APPEARANCES OF COUNSEL**

*Daniel H. Mahoney* for appellants.

*Carter, Conboy, Bardwell, Case & Blackmore (Dianne Bresee Mayberger* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J. P.

Plaintiff Marta H. Tebbutt commenced this action to recover only for her emotional distress resulting from the alleged medical malpractice and negligence of defendant which caused the stillbirth of her child.[1] Special Term dismissed the complaint as insufficient as a matter of law. Although we are sympathetic to plaintiff's action and, in fact, believe the better rule would recognize plaintiff's action, we are constrained to affirm in light of recent decisions by the Court of Appeals.

---

1. A derivative action for loss of consortium on behalf of Marta Tebbutt's husband was also alleged. Our references to "plaintiff" are to Marta and her claim inasmuch as her husband's allegations rise or fall with her claim.

Defendant, a licensed physician, was caring for plaintiff who, at 35 years of age, was pregnant. In order to ensure that the fetus was healthy, defendant suggested that plaintiff undergo amniocentesis. On July 30, 1980, when the fetus was approximately 16 weeks old, defendant performed the procedure, but the resulting laboratory report indicated that the amniotic fluid sample could not be evaluated due to an excessive amount of blood in the sample. During a subsequent physical examination, a fetal heartbeat could not be located. Plaintiff then saw another doctor, who concluded that the fetus was dead. On September 6, 1980, labor was induced and a stillborn child, compatible in size with a 16-week gestation period, was delivered. Examination of the stillborn child revealed three hemorrhagic blebs, each about one centimeter in diameter, and the second doctor indicated "that there is a possibility of a cause and effect relationship between the amniocentesis, the return of bloody fluid at the time, and the subsequent fetal death". Plaintiff then commenced this action alleging, *inter alia,* medical malpractice and negligence in the manner in which defendant performed the amniocentesis. Plaintiff alleged no physical injury distinct from that suffered by the fetus and sought to recover for her "pain, severe disappointment, anxiety, despondency, bitterness, and suffering". Defendant moved for summary judgment on the ground that plaintiff's complaint, alleging only emotional distress, lacked merit as a matter of law. Special Term, relying on *Friedman v Meyer* (90 AD2d 511, app dsmd 59 NY2d 763), granted defendant's motion and dismissed the complaint. This appeal followed.

At oral argument, plaintiff claimed that she was entitled to recover for emotional distress under *Bovsun v Sanperi* (61 NY2d 219) and under *Johnson v State of New York* (37 NY2d 378). In *Bovsun,* the Court of Appeals recently recognized the right of a plaintiff, to whom the defendant has owed but breached a duty of reasonable care, to recover as an element of his or her damages those damages attributable to emotional distress caused by contemporaneous observation of injury or death of a member of the immediate family caused by the same conduct of the defendant (*Bovsun v Sanperi, supra,* p 233). We reject plaintiff's

argument that damages for emotional distress can be recovered under *Bovsun,* which requires a contemporaneous observation, or at least an instantaneous awareness (*supra,* at p 233), of the injury or death. In this case, plaintiff did not become aware of any problem with the fetus for several weeks after the alleged negligence of defendant. Thus, there was no contemporaneous observation or instantaneous awareness of injury or death and, even if the other elements of the *Bovsun* rule were satisfied, the failure on this aspect prevents plaintiff from recovery thereunder. A more expansive interpretation of "contemporaneous observation" should come not from us, but the Court of Appeals.

More troublesome to us is plaintiff's contention that recovery for emotional distress is permitted under *Johnson v State of New York* (37 NY2d 378, *supra*) because her emotional distress results directly from the alleged breach of a duty owed by defendant to her. The Second Department apparently rejected this argument in *Friedman v Meyer* (90 AD2d 511, *supra*), relied on by Special Term, wherein the court held that "even assuming the death of the fetus *in utero* was caused by defendants' wrongful acts, absent independent physical injuries, the plaintiff wife may not recover for emotional and psychic harm as a result of the stillborn birth" (*supra,* at p 512). The Second Department's decision in *Friedman* was based on decisions of the Court of Appeals which concluded that parents could not recover for their emotional distress, allegedly resulting from the claimed negligence of a doctor which caused their children to be born with severe birth defects, because there is no cause of action for emotional distress incurred as a result of the physical injury of a third party and the emotional distress of the parents was only incidental to the injuries of the children (see *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401, 413-415; *Howard v Lecher,* 42 NY2d 109).[2] Most relevant of these cases is *Vaccaro v Squibb Corp.* (*supra*), in which the Court of Appeals dismissed a complaint alleging only emotional distress by the mother of a child born with severe birth

---

2. In the absence of the allegations required under *Bovsun v Sanperi* (61 NY2d 219, *supra*), the cited cases remain viable and are applicable to the instant fact situation (*supra,* at p 232).

defects as the claimed result of the mother's ingestion of a drug while the child was *in utero.* In so holding, the court established that even where affirmative treatment, such as the prescription or administration of drugs as opposed to the mere failure of advice or diagnosis (see *Becker v Schwartz, supra; Howard v Lecher, supra*), results in injury to the child, third parties such as the child's parents cannot recover for their solely incidental emotional distress despite the breach of a duty owed to them.

Although the alleged injury to the child in *Vaccaro* (*supra*) is similar to that in this case, in that they both occurred while the children were *in utero,* our problem in applying the rule in *Vaccaro* to this case is that the fetus herein was not born alive, rendering it unclear whether there has been an injury to a *third person.* We find it difficult to separate the existence of a 16-week-old fetus from the existence of its mother (see *Roe v Wade,* 410 US 113), but are constrained by our recent observation in an admittedly different context that "[w]hile unborn children 'have never been recognized as persons in the law in the whole sense' * * * it does not follow that a fetus is a body organ or member of its mother" (*Raymond v Bartsch,* 84 AD2d 60, 61, mot for lv to app den 56 NY2d 508). That a fetus is given different legal treatment in different situations (see *Byrn v New York City Health & Hosps. Corp.,* 38 AD2d 316, 329, affd 31 NY2d 194, app dsmd 410 US 949) further confounds our analysis, for it is apparent that at least in certain tort contexts a child *en ventre sa mere* is not considered a person unless it sees the light of day (see *Endresz v Friedberg,* 24 NY2d 478, 482-487;[3] cf. *Woods v Lancet,* 303 NY 349; *Kelly v Gregory,* 282 App Div 542). Thus, it is conceptually difficult to say that plaintiff's emotional distress is incidental to the physical injury of a third person, the unborn child who never saw the light of day.

Nonetheless, we are hesitant to take any bold step in an area of the law in which the Court of Appeals, though

---

**3.** In *Endresz v Friedberg* (24 NY2d 478, *supra*), the Court of Appeals held that although no action for wrongful death could be maintained on behalf of a stillborn fetus, the plaintiff wife could recover for the mental injuries she suffered, including the emotional distress accompanying the stillbirth, as a concomitant to her physical injuries (*supra,* at p 487). Inasmuch as plaintiff in the case at bar has not alleged any physical injuries, *Endresz* is distinguishable and does not permit plaintiff to recover for her solely emotional distress (see *Friedman v Meyer,* 90 AD2d 511, 512, *supra*).

especially active (see *Bovsun v Sanperi,* 61 NY2d 219, 234, n 1 [Kaye, J., dissenting], *supra*), has not recognized a cause of action for parents. We decide today to join the Second Department in *Friedman v Meyer (supra)*, and thus adhere to the principles enunciated by the Court of Appeals in *Vaccaro v Squibb Corp. (supra)*, *Becker v Schwartz (supra)* and *Howard v Lecher (supra)*. Accordingly, we are constrained to affirm the granting of summary judgment to defendant and the dismissal of plaintiff's complaint.

The order and judgment should be affirmed, without costs.

CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Order and judgment affirmed, without costs.