■ Tova Farago et al., Respondents, v Howard Shulman et al., Appellants. — In a medical malpractice action, defendants separately appeal from an order of the Supreme Court, Kings County (Aronin, J.), dated May 24, 1983, which denied their respective motion and cross motion for summary judgment, and granted plaintiffs' cross motion to amend their bill of particulars.

Order reversed, on the law, with one bill of costs, defendants' motion and cross motion for summary judgment granted, plaintiffs' motion to amend their bill of particulars denied, and complaint dismissed.

Plaintiffs seek to recover damages for alleged medical malpractice which resulted in the stillbirth of their child. The complaint sets forth a claim for injuries resulting from the stillbirth, and the original bill of particulars elaborates on those injuries as being the loss of a child and the emotional and psychological trauma resulting from that loss. Plaintiff Nat Farago bases his claim upon a derivative cause of action for loss of services.

In response to defendants' motion and cross motion for summary judgment, plaintiffs sought leave to amend their bill of particulars to include claims for blood loss and pain resulting from an allegedly improperly performed episiotomy, and its subsequent repair.

While we agree that proposed amendments to bills of particulars should be liberally permitted unless the rights of a party are substantially prejudiced, when a question as to the sufficiency or meritoriousness of the proposed amendment is raised, that question should be resolved at the threshold in order to obviate the possibility of needless time-consuming litigation (*Sharapata v Town of Islip,* 82 AD2d 350, 362, affd 56 NY2d 332).

In the case at bar, it is not claimed that the alleged malpractice which resulted in the physical injuries alleged in the amended bill of particulars in any way caused the stillbirth. Thus, this case is clearly distinguishable from *Endresz v Friedberg* (24 NY2d 478), where an automobile accident resulted in various injuries to the plaintiff including the stillbirth of the twins she was carrying. As we stated in *Friedman v Meyer* (90 AD2d 511, 512, app dsmd 59 NY2d 763), "It is by now well established that even assuming the death of the fetus *in utero* was caused by defendants' wrongful acts, absent independent physical injuries, the plaintiff wife may not recover for emotional and psychic harm as a result of the stillborn birth (see *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; see, also, *Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277; *Aquilio v Nelson,* 78 AD2d 195)."

In the instant case, the episiotomy was merely another aspect of the childbirth procedure itself, but was not a cause of the stillbirth so as to warrant recovery. Consequently, the amended complaint fails to state a cause of action, and must be dismissed. O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.