■ BARBARA GASTWIRTH et al., Appellants, v STUART ROSENBERG et al., Respondents.—In an action to recover damages for emotional distress, personal injuries and loss of services as a result of medical malpractice, negligence and breach of warranty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Oppido, J.), dated October 16, 1984, which granted summary judgment to the defendants on the ground that the complaint failed to state a cause of action.

Order affirmed, with one bill of costs payable by the appellants to the respondents Stuart Rosenberg, Carl Neimand, North Shore Laboratories, Inc., Lattingtown Cytology Center, Inc., and National Health Laboratories, Inc., appearing separately and filing separate briefs.

The plaintiffs allege that the defendants, through their combined negligence in failing to properly monitor the antibody levels in the blood of the plaintiff Barbara Gastwirth, failed to prevent the *in utero* death of the fetus that she had carried for some eight months. Barbara Gastwirth seeks to recover damages for physical and emotional injuries while her husband, the plaintiff Lloyd Gastwirth, asserts a derivative cause of action for loss of services.

The claim with regard to emotional injuries is directly controlled by the Court of Appeals recent decision in *Tebbutt v Virostek* (65 NY2d 931), which determined that a mother had no cause of action for emotional distress where her physician was alleged to have negligently performed an amniocentesis that led to the *in utero* death of her fetus a month later *(see also, Farago v Shulman,* 104 AD2d 965, *affd* 65 NY2d 763; *Friedman v Meyer,* 90 AD2d 511, *appeal dismissed* 59 NY2d 763). The plaintiffs contend that the *Tebbutt* decision overlooks a 1984 amendment to the No-Fault Automobile Insurance Law (L 1984, ch 143, § 1) that added "loss of a fetus" to the list of statutorily defined "serious injuries" for which personal injury suits arising out of the negligent operation of a motor vehicle are permitted to be maintained *(see,* Insurance Law § 5102 [d]; § 5104 [a]); their claim is that this amendment reflects a strong public policy in favor of liability for negligence that results in the death of a fetus. It is clear

from the legislative history of the amendment *(see,* mem of Senator Auer, 1984 NY Legis Ann, at 89), however, that this provision was added to expressly overrule *Raymond v Bartsch* (84 AD2d 60, *lv denied* 56 NY2d 508), which held that the loss of a fetus was not encompassed within the definition of a "serious injury" under the No-Fault Law. The amendment does not in any manner erode the *Tebbutt* holding.

With respect to physical injuries, we note that no such injuries are specified in the plaintiffs' complaint or bill of particulars. The only physical suffering of Barbara Gastwirth alluded to in the record was that attendant to childbirth, which is not compensable as it was not the product of the defendants' negligence *(see, Farago v Shulman, supra).*

In short, no cause of action on behalf of Barbara Gastwirth has been stated, and the derivative claim of her husband must fall as well *(see, Tebbutt v Virostek, supra; Farago v Shulman, supra).* Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.