■ LORENZA WITTROCK et al., Appellants, v MAIMONIDES MEDICAL CENTER-MAIMONIDES HOSPITAL et al., Respondents, et al., Defendant.—In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lodato, J.), dated October 24, 1984, which granted the respondents' separate motions for summary judgment dismissing the complaint insofar as it is asserted against them.

Order affirmed, without costs or disbursements.

In November 1982, this medical malpractice action was commenced against the respondents. While the complaint alleged that the plaintiff Lorenza Wittrock had suffered both physical and mental pain as a result of a stillbirth, the bill of particulars merely alleged psychological trauma. A note of issue and a certificate of readiness for trial were then filed. Thereafter, the plaintiffs served a first amended verified bill of particulars which alleged continuous pain in the lower extremities along with the pain incident to childbirth and delivery.

In the order appealed from, Special Term granted the respondents' separate motions for summary judgment. Additionally, it found that the first amended verified bill of particulars was a nullity because it was served without leave of court pursuant to CPLR 3042 (g). We affirm.

Absent independent physical injury, a plaintiff may not recover for emotional and psychic harm as a result of a stillbirth (Tebbutt v Virostek, 102 AD2d 231, affd 65 NY2d 931; Friedman v Meyer, 90 AD2d 511, appeal dismissed 59 NY2d 763). The plaintiff Lorenza Wittrock's labor pains are not actionable as they were incident to the childbirth process and unrelated to the stillbirth (see, Farago v Shulman, 104 AD2d 965, affd 65 NY2d 763; Gastwirth v Rosenberg, 117 AD2d 706).

Further, the first amended verified bill of particulars was not served prior to the filing of a note of issue, nor did the plaintiffs seek leave of court to amend (see, CPLR 3042 [g]). The first amended verified bill of particulars is, therefore, a nullity. We have examined the plaintiffs' other contentions and find them to be without merit. We further note that the derivative claim of the plaintiff James Wittrock for loss of consortium must fall with the main action as against the respondents (see, Liff v Schildkrout, 49 NY2d 622). Mollen, P. J., Mangano, Bracken and Gibbons, JJ., concur.