■ IDA BURGESS et al., Respondents, v GLADYS W. MILLER, as Executrix of SAUL M. MILLER, Deceased, et al., Appellants, et al., Defendants.

The plaintiffs' decedent, Robert Burgess, was born severely impaired as a result of alleged medical malpractice and negligence during the course of the infant's delivery. The plaintiff mother, Ida Burgess, asserts various causes of action on behalf of the decedent and herself, including a claim for the emotional injuries suffered by her in consequence of witnessing the tragic results of the difficult and unsuccessful delivery. This latter cause of action, which the appellants seek to dismiss, is asserted by the plaintiffs to be cognizable under a "zone of danger" theory *(Bovsun v Sanperi,* 61 NY2d 219, 227). This theory permits recovery "[w]here a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from * * * her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in * * * her presence" *(Bovsun v Sanperi, supra,* at pp 223-224). We conclude that this case does not fall within the ambit of *Bovsun v Sanperi (supra).*

It has been repeatedly held that absent independent physical injuries to her person, a mother cannot recover damages for the psychic harm attending the injury to her child *in utero (see, Tebbutt v Virostek,* 65 NY2d 931; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401, 413-414; *Martinez v Long Is. Jewish Hillside Med. Center,* 122 AD2d 122; *Farago v Shulman,* 104 AD2d 965, *affd* 65 NY2d 763; *Friedman v Meyer,* 90 AD2d 511, *appeal dismissed* 59 NY2d 763). Though premised upon the well-established principle that one may not recover for the emotional suffering caused by the loss or impairment of a loved one due to another's negligence *(see, Howard v Lecher,* 42 NY2d 109; *Tobin v Grossman,* 24 NY2d 609), these decisions have also denied recovery for the more immediate emotional harm attendant to the mother's enduring a negligently caused stillbirth, abortion, or impairment of a newborn *(cf. Endresz v Friedberg,* 24 NY2d 478, 487-488). The latter damages are so analogous to those which would be recoverable under a "zone of danger" theory *(see, Bovsun v Sanperi, supra,* at pp 228-230) that the decisional law must be considered to have impliedly rejected

*Bovsun*-type causes of action grounded upon fetal injuries unaccompanied by independent physical injury to the mother. The failure of the plaintiffs at bar to adduce legally sufficient proof of any independent physical injury to Ida Burgess mandates the dismissal of the fifth cause of action asserted in the complaint. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.