OPINION OF THE COURT
Ralph A. Beisner, J.
This is an action for medical malpractice, in which defendants move for an order granting summary judgment and dismissing plaintiffs’ complaint. (CPLR 3212.) Issue has been joined, but disclosure has not yet commenced.
According to the allegations in the complaint, which for the *583 purposes of this motion are deemed true (see, Brady & Co. v Concrete Plank Co., 56 AD2d 591 [2d Dept 1977]), from March 1980 through October 1980, the plaintiff, Maureen Johnson, engaged the defendants to provide proper prenatal medical service, care, and treatment during her pregnancy, up to and including the delivery of her baby. On October 24, 1980, the plaintiff went into labor and was delivered of a full-term, 5-pound, 3V£-ounce, macerated, dead female child. The complaint further alleges that the child’s death was brought about by the defendants’ negligent omissions with respect to the plaintiff’s care during October 1980. It is claimed that as a result of defendants’ malpractice, the plaintiff sustained serious personal injuries, physical and emotional pain, disappointment, sadness, anxiety, psychological trauma, including post-traumatic stress disorder and mental anguish. Plaintiffs’ bill of particulars reiterates the injuries described above and adds:
"(b) physical and emotional pain, discomfort, worry, nervousness, anxiety, anguish, and distress while carrying in her womb a fetus, a baby girl in distress and then dead and decomposing in útero for a period of time prior to delivery of the dead baby girl.
"(c) the 'pains of child birth’ associated with the spontaneous vertex delivery of her macerated dead baby girl without anesthesia and the shock and trauma associated with witnessing that occurrence;
"(d) complete incapacity and severe depression following the stillbirth * * *
"(e) loss of fetus, a baby girl, stillborn”.
Plaintiff William Johnson asserts a derivative claim as a result of the injuries to his wife, Maureen.
Defendants, in moving for summary judgment, contend that the thrust of plaintiffs’ claim is for the mental and emotional stress they suffered because of the stillbirth and such injuries alone are not compensable under New York law. In support of their argument, defendants cited Tebbutt v Virostek (65 NY2d 931 [1985]); Farago v Shulman (65 NY2d 763 [1985], affg 104 AD2d 965 [2d Dept 1984]); Wittrock v Maimonides Med. Center —Maimonides Hosp. (119 AD2d 748 [2d Dept 1986]); Gastwirth v Rosenberg (117 AD2d 706 [2d Dept 1986]), and Friedman v Meyer (90 AD2d 511 [2d Dept 1982]).
In Tebbutt (supra), the plaintiff Maria Tebbutt claimed psychological injury caused by the death of a fetus unbeknown to her one month earlier, when the defendant performed *584 amniocentesis in an allegedly negligent manner. The plaintiff alleged no independent physical injury to herself. The Court of Appeals affirmed the dismissal of the complaint. According to the court: "The case before us is governed by Vaccaro v Squibb Corp. (52 NY2d 809), in which a mother sought recovery for emotional injuries caused by harm done to her child in útero of which she did not learn until the birth, which occurred some time after the harm was inflicted. There, we rejected the contention that the defendants owed any duty to the mother. Similarly, in the case before us, we must reject the mother’s claim for damages for emotional distress.” (Supra, at 932.)
The court rejected the dissenters’ reliance on Endresz v Friedberg (24 NY2d 478). In Endresz, the plaintiff mother was injured in an automobile accident and, two days later, gave birth to stillborn twins. There the court held that no action for wrongful death could be maintained by the personal representative of a stillborn fetus. However, the court noted that the plaintiff mother could recover for the physical and mental injuries she sustained, including emotional upset attending her stillbirths. According to Tebbutt (supra), the injuries to the plaintiff mother in Endresz were the direct result of defendant’s breach of a clearly recognized duty to drive with a reasonable degree of care.
It seems clear that the law of our State has followed the controversial logic of the United States Supreme Court in Roe v Wade (410 US 113, reh denied 410 US 959 [1973]) and its progeny, which found an unborn fetus not to be a "person” recognizable at law. Therefore, a physician treating a pregnant woman has no justiciable duty of care to the fetus. But, since the dead fetus has no cause of action in her own right, the only possible plaintiff is the mother and, derivatively, her spouse.
Certainly, as their patient, the defendants owed the plaintiff a duty of care which, the complaint alleges, they breached by their omissions during the last month of her pregnancy. Had the pregnant plaintiff presented herself to a physician for the care and treatment of an ingrown toenail the doctor would have a duty to render treatment in a professional manner. However, when the patient is a pregnant woman seeking prenatal care, the physician has no such duty of care? Can the courts seriously encourage this as public policy? (See, Tebbutt v Virostek, 65 NY2d, at 933 [Jasen, J., dissenting]; at 940 [Kaye, J., dissenting].) Such a result offends the conscience *585 of the court and, I believe, denigrates our entire societal structure.
That a fetus was stillborn as the result of malpractice is an absolute for the purposes of this motion. (Brady & Co. v Concrete Plank Co., supra.) This court has before it a plaintiff who went to the defendant doctors for prenatal medical care. Allegedly, their omissions resulted in the stillbirth of a full-term infant. The dead fetus has no cause of action. (Endresz v Friedberg, 24 NY2d 478, supra.) Neither, so the cases hold, does the mother, absent an independent physical injury to her (e.g., Tebbutt v Virostek, 65 NY2d 931, supra). Such a result defies common sense.
Is the life of this full-term infant so insignificant or the injury to her parents so devoid of suffering as to be without value before our courts? This court cannot believe that our judicial system is so lacking in compassion and fairness that it would sanction the ignoble result achieved when Tebbutt and Endresz are juxtaposed. There is an injury without remedy under the present case law.
In Zinn v Long Is. Jewish Med. Center (101 AD2d 860 [2d Dept 1984]), the defendants performed an emergency Caesarean section on the plaintiff and the fetus died in the course of delivery. Summary judgment was denied. According to the court, the claim of physical injury distinguished plaintiff’s claim from such cases as Friedman v Meyer (90 AD2d 511, supra) where recovery was sought solely for the emotional or psychological harm which was sustained by the parents as a result of the stillborn birth. (Zinn v Long Is. Jewish Med. Center, at 861.) Ironically, one of plaintiff’s allegations of omissions in the present case is the defendants’ failure to perform a Caesarean section. Plaintiffs’ plight would fit comfortably in a Franz Kafka story. Had defendants performed the Caesarean section, they give their patient a cause of action. (Zinn v Long Is. Jewish Med. Center, supra.) The inference is chilling.
The plaintiff has not alleged only mental and emotional distress. She also particularizes "physical * * * pain * * * while cary [sic] in her womb a fetus, a baby girl in distress and dead and decomposing in útero”, "the 'pain of child birth’ associated with the spontaneous vertex delivery of her macerated dead baby girl without anesthesia”, and "complete incapacity * * * following the still born”.
Defendants claim that plaintiff’s pains are not actionable *586 since they were incident to the childbirth process, citing Wittrock v Maimonides Med. Center — Maimonides Hosp. (119 AD2d 748 [2d Dept 1986], supra), Gastwirth v Rosenberg (117 AD2d 706 [2d Dept 1986], supra), and Farago v Shulman (104 AD2d 965 [2d Dept 1984], supra). “Childbirth” is exactly what did not occur here; that is the point of the lawsuit.
Without question, there has been an injury here — death, the ultimate injury. Since the fetus is not a “person” to whom a cause of action accrues, it must be regarded as a part of the mother’s body which has sustained a physical injury. It cannot exist in "juridical limbo” (see, Tebbutt v Virostek, supra, at 933 [Jasen, J., dissenting]). Therefore, a “physical” injury has occurred which would give rise to a cause of action in the mother.
In this court’s view, since discovery has not been completed and the factual bases for plaintiffs’ allegations have not been explored, dismissal at this time would be premature and a travesty of the judicial system’s primary function of redressing a wrong in a civilized forum. Accordingly, defendants’ motion for summary judgment is denied.