Joseph M. Sceusa et al., Respondents, v Matilde Mastor et al., Appellants.

Fourth Department, February 4, 1988

## APPEARANCES OF COUNSEL

*Damon & Morey (Debra Norton* of counsel), for Matilde Mastor, appellant.

*Brown & Kelly (Kevin Ricotta* of counsel), for Millard Fillmore Hospital, appellant.

*Magner, Love & Morris, P. C. (Lawrence Regan* of counsel), for respondents.

## OPINION OF THE COURT

DENMAN, J. P.

In this medical malpractice action defendants, Dr. Matilde Mastor and Millard Fillmore Hospital, appeal from an order denying their motion to dismiss Denise Sceusa's third cause of action alleging negligent infliction of emotional distress. Defendants contend that because plaintiff did not establish that she sustained an independent physical injury, she is precluded from recovering for her psychic distress. We agree and conclude that defendants' motions to dismiss the third cause of action should have been granted.

### I

The facts are not in dispute and are easily stated. Plaintiff, in her ninth month of a twin pregnancy, experienced the onset of labor and was admitted to Millard Fillmore Hospital at approximately 11:00 A.M. on July 26, 1981. She had been under the care of Dr. Mastor, an obstetrician and gynecologist, since January. At approximately 3:00 P.M. fetal monitoring revealed fetal distress. After obtaining plaintiff's consent, Dr. Mastor performed an emergency Cesarean section. One twin was stillborn and the other died an hour after birth. Plaintiff commenced a lawsuit alleging six causes of action, only one of which is the subject of this appeal. In her third cause of action, plaintiff seeks to recover for the anguish and emotional

trauma resulting from the stillbirth and death of these infants. In response to defendants' motions to dismiss that cause of action for failure to state an independent injury, the court denied the motion and permitted plaintiff to amend her bill of particulars to set forth the Cesarean section performed on her, ostensibly as an "injury". In support of their motion to renew and reargue, defendants submitted the affidavit of Dr. Sperrazza, an obstetrician and gynecologist, who asserted as his expert opinion that a Cesarean section is potentially a part of every childbirth process, a therapeutic procedure which could not be viewed as an injury inasmuch as it is a surgical method of delivering a baby. Plaintiff's opposing papers did not refute that opinion. The court denied the motion for summary judgment dismissing that cause of action and defendants appeal.

## II

One of the grounds on which defendants seek dismissal of that cause of action is that the courts of this State have consistently held that a mother may not recover for the psychic injury caused by the negligence of a doctor resulting in the death or injury to a child either *in utero* or postpartum where the mother sustains no physical injury *(see, Farago v Shulman,* 65 NY2d 763, 764, *affg for reasons stated at* 104 AD2d 965; *Tebbutt v Virostek,* 65 NY2d 931; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Friedman v Meyer,* 90 AD2d 511, *appeal dismissed* 59 NY2d 763; *Wittrock v Maimonides Med. Center-Maimonides Hosp.,* 119 AD2d 748, *lv denied* 68 NY2d 607; *Gastwirth v Rosenberg,* 117 AD2d 706, *lv denied* 68 NY2d 602). Acknowledging that this limitation of liability is grounded in policy considerations, the courts have been faithful to the rationale that to permit parents to recover in these situations "would require the extension of traditional tort concepts beyond manageable bounds" *(Howard v Lecher,* 42 NY2d 109, 111).

Defendants also challenge plaintiff's alternative theory of liability by which she invokes the "zone of danger" rule enunciated in *Bovsun v Sanperi* (61 NY2d 219). Pursuant to that concept a plaintiff bystander, exposed by a tort-feasor to an unreasonable risk of bodily injury or death, may recover, as an element of damages, for emotional trauma suffered as a result of the plaintiff's observation of the concurring injury or death of a family member *(see, Bovsun v Sanperi, supra,* at 230-231). Although that rule has been injected into cases

seeking damages for emotional distress caused by medical malpractice which has resulted in harm to an infant either prior to or at the time of delivery *(see, e.g., Tebbutt v Virostek, supra),* we believe that rule is inapplicable in those circumstances.

## III

In our view, application of that rule in cases such as that before us overlooks the disparate relationships between the plaintiffs and defendants in the two types of cases. In cases such as *Bovsun (supra)* and *Tobin v Grossman* (24 NY2d 609), plaintiff is a stranger to defendant and, in order to bring plaintiff within the tort-feasor's ambit of duty/foreseeability, the courts have constructed the legal fiction that the plaintiff was within the "zone of danger" and thus, personally exposed to an unreasonable risk of injury or death. It need hardly be pointed out that the plaintiff in *Tobin* suffered as much anguish over the injury to her infant which she did not observe as did the plaintiff in *Bovsun* who was present at the time of injury to her husband. Yet, on policy grounds, recovery was denied in the former situation while permitted in the latter in an attempt to place a reasonable restriction on liability.

That fiction is unnecessary and inappropriate in a case such as that before us where defendants doctor and hospital clearly had a duty to both the mother and the unborn infants and the risk of injury as a result of defendants' negligence was foreseeable. Defendants' duty to Denise Sceusa was to provide her with prenatal care and deliver her infants in a manner consistent with acceptable medical standards in the community. The Court of Appeals consistently has ruled that, absent personal injury to her, she cannot recover for her mental anguish at the death of her infants. We may offer our observation that recovery for the emotional trauma which predictably flowed from this event would be consistent with accepted tort concepts *(see, e.g., Battalla v State of New York,* 10 NY2d 237 [recovery for emotional distress caused by fear of physical injury resulting from tortious conduct]; *Johnson v State of New York,* 37 NY2d 378 [recovery for emotional harm resulting from negligent transmission of false information of death of plaintiff's mother]; *Martinez v Long Is. Jewish Hillside Med. Center,* 70 NY2d 697 [recovery for psychic injury caused by plaintiff's guilt for having aborted a child as a result of

being erroneously informed by physician that child would be born with a serious defect]), and that damages are no more speculative or open to false claims than in any other action. Nevertheless, the wisdom and propriety of permitting such recovery is not for us to decide. In view of that state of the law, plaintiff may not circumvent the rule precluding recovery by attempting to place herself within a "zone of danger".

Plaintiff alleges that the Cesarean section which was performed on her was a "physical injury" and placed her at risk. Defendants established by way of unrefuted expert opinion that a Cesarean section does not constitute a physical injury but is a surgical procedure which is an acceptable method of delivery *(see, Farago v Shulman, supra)*. More to the point, the Cesarean procedure did not cause the death of either of the infants. One was stillborn and the other died shortly after birth. Plaintiffs do not allege that the Cesarean section was negligently performed, that it placed either the mother or the infants at risk, or that it was the proximate cause of the infants' death. This cause of action falls clearly within the rationale of those cases precluding recovery for emotional distress absent physical injury to the plaintiff.

Accordingly, plaintiff's cause of action for emotional distress should be dismissed.

BOOMER, PINE, LAWTON and DAVIS, JJ., concur.

Order unanimously reversed, on the law, without costs, and defendants' motions granted, in accordance with opinion by DENMAN, J. P.