OPINION OF THE COURT
Nicholas A. Clemente, J.
The primary plaintiff avers that during pregnancy her *192 physician failed to diagnose her preeclamptic condition. She began to have contractions on November 30, 1982. The next day she visited her obstetrician, Dr. Max Lilling, at which time he told her to go home and wait. At approximately 5:30 to 5:45 a.m. on December 2, 1982 she ruptured her membranes and Dr. Lilling was called. He then advised her to go to the hospital where he would meet her. She was admitted at 8:00 a.m., but Dr. Lilling never arrived. The plaintiff further contends that a hospital doctor advised her that the baby was dead in útero but that nothing could be done until Dr. Lilling arrived because she was a private patient. Hours later, after 12:30 p.m., word came that Dr. Kliot, Dr. Lilling’s partner, would be performing a Caesarean. Sometime afterwards the stillborn child was in fact taken by Caesarean. During the period of delay, specifically past 8:00 a.m., plaintiff alleges that she suffered great physical pain.
Subsequently, plaintiff and her husband commenced this action naming as defendants Dr. Max Lilling, Kliot and Lilling, M.D., P. C., and Brookdale Hospital Medical Center. The complaint contains three causes of action. The first is on behalf of the primary plaintiff and alleges malpractice in that the plaintiff gave birth to a dead baby, had to have a Caesarean, was rendered emotionally sick and disabled and was caused to suffer both emotional and physical pain and injury. The second and third causes of action are on behalf of the derivative plaintiff and seeks recovery by the second cause of action for the plaintiff husband’s loss of consortium and by the third cause of action for the emotional upset he suffered.
Defendants Dr. Lilling and Kliot and Lilling, M.D., P. C., now move for an order pursuant to CPLR 3211 (a) (7) dismissing plaintiffs’ complaint and pursuant to CPLR 3212 granting them summary judgment. Defendants, citing various cases, contend that since there is no dispute that the infant was stillborn and absent independent physical injuries to the mother, she cannot recover damages for emotional and psychological harm which results from the stillbirth. Hence, the primary plaintiff’s action and the derivative actions based thereon should be dismissed.
It has been repeatedly held that even if the death of the fetus in útero was caused by a defendant’s wrongful acts, absent independent physical injury to the mother, she may not recover for emotional and psychic harm as a result of a stillborn birth (Tebbutt v Virostek, 65 NY2d 931; Wittrock v Maimonides Med. Center-Maimonides Hosp., 119 AD2d 747; *193 Gastwirth v Rosenberg, 117 AD2d 706; Farago v Shulman, 104 AD2d 965, affd 65 NY2d 763; Friedman v Meyer, 90 AD2d 511). With respect to the independent physical injury, the injuries must be other than those attendant to childbirth and must be a cause of the stillbirth in order to be actionable (Gastwirth v Rosenberg, supra, at 707; Farago v Shulman, supra).
An examination of plaintiffs’ complaint reveals that while alleging physical injury, it is essentially seeking recovery for emotional injuries caused by a stillbirth. Moreover, nowhere do plaintiffs allege a physical injury to the mother having a causal connection to the stillbirth. To the extent that any other injuries are alleged, the matters are so intertwined as to be indivisible from the stillbirth itself. Hence, I conclude that the complaint in its present form must be dismissed.
The emergent issue, therefore, is whether the plaintiffs have presented any physical injuries unrelated to the stillbirth which are actionable. Specifically, plaintiffs via an affidavit are alleging that because of Dr. Lilling’s tardiness in arriving at the hospital, she was kept in needless pain for several hours awaiting the Caesarean delivery of a fetus, already known to be dead. In my view, this separate distinct physical injury is actionable along with any suffering claimed to have been sustained as a result of negligent prenatal care.
It is true that in Farago v Shulman (supra) the complaint contained an allegation of physical injury and that plaintiff alleged that an episiotomy had been improperly performed resulting in blood loss and pain. Nevertheless, the court stated (at 966), "In the instant case, the episiotomy was merely another aspect of the childbirth procedure itself, but was not a cause of the stillbirth so as to warrant recovery.”
In the instant case, there can be no question that the Caesarean itself was another aspect of the childbirth procedure and thus cannot serve as the basis for recovery.* Hours of delay, because of a doctor’s tardiness, cannot, however, be viewed as merely another aspect of the childbirth procedure. This claim of physical injury with obvious concomitant pain and suffering distinguishes these allegations of the plaintiff *194 mother from the aforementioned cases (Zinn v Long Is. Jewish Med. Center, 101 AD2d 860).
As far as the other claims not relating to the stillbirth are concerned, a physician is not absolved from malpractice liability merely because the law does not permit an action for every injury, i.e., the stillbirth. It is obvious that the law does not forbid a woman who has a stillborn child, through malpractice, to suffer emotional injuries — it merely holds that it will not permit recovery unless that psychic harm is coupled with an independent physical injury. On the other hand, the law does not state that merely because there is a stillbirth that recovery for other physical injuries is prohibited (cf., Johnson v Verrilli, 134 Misc 2d 582). Therefore, and for example, if this plaintiff can establish that her condition of preeclampsia was misdiagnosed and it resulted in damage to her, then she may very well be entitled to recovery even had her child been born well and healthy.
Accordingly, defendants’ motion should be granted to the extent of striking plaintiffs’ complaint in its present form. Since plaintiffs by their affidavit in opposition to the motion, coupled with the allegation of physical injury in their complaint, have set forth an actionable wrong, they are hereby granted leave to serve an amended complaint limited to alleging independent physical injuries (McBride v Brookdale Hosp. Med. Center, 130 Misc 2d 999).

 Although it is not presented by the plaintiffs in their complaint, their papers indicate that the primary plaintiff was suffering from diabetes, a known cause of large fetuses. This coupled with the hospital’s determination that the stillborn child was too large to be passed vaginally could, arguably, support an allegation that a Caesarean was made necessary as a result of malpractice during the prenatal period.