■ Ann Bauch et al., Individually and as Coadministrators of the Estate of Evan L. Bauch, Deceased, Appellants, v George E. Verrilli et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 7, 1987 in Ulster County, which granted defendants' motions for partial summary judgment dismissing the first, second and third causes of action contained in the complaint.

In March 1983, plaintiff Ann Bauch (hereinafter plaintiff) was admitted to the labor and delivery unit of defendant Northern Dutchess Hospital (hereinafter the hospital). During the course of her labor, plaintiff's attending physician, defendant George E. Verrilli, prescribed pitocin to stimulate her contractions. The drug was administered intravenously to plaintiff and, as a result, her contractions increased in intensity and frequency. Some time later plaintiff gave birth to a baby boy. The infant was in respiratory distress at birth and died approximately 6½ hours later.

Plaintiff and her husband commenced this action alleging negligence and medical malpractice against the hospital, Verrilli and defendant Pam Mackenzie, a registered nurse who attended to plaintiff throughout her labor and delivery. In the first cause of action plaintiff sought recovery for "serious personal injuries, physical and emotional pain, disappointment, sadness, anxiety and psychological trauma". The second

cause of action was a derivative claim interposed by plaintiff's husband. The third cause of action was asserted against the hospital only for negligent hiring and supervision. The fourth and fifth causes of action sought recovery for the infant's wrongful death and the infant's conscious pain and suffering.

After discovery had been completed, Verrilli moved for partial summary judgment dismissing the first two causes of action for failure to state a claim. By a separate notice of motion, Mackenzie cross-moved for the same relief. The hospital sought dismissal of plaintiffs' first three causes of action in its motion for partial summary judgment. In support of their motions, defendants contended that plaintiff had not sustained any physical injury, a necessary predicate to plaintiff's recovery for the negligent infliction of emotional harm. Supreme Court granted defendants' motions and this appeal by plaintiffs ensued.

Plaintiffs' first contention on appeal is that defendants' motions were essentially motions to dismiss pursuant to CPLR 3211 (a) (7), and that Supreme Court erred in failing to give them notice, pursuant to CPLR 3211 (c), that it intended to treat the motions as seeking partial summary judgment. We disagree. Each defendant's notice of motion specifically requested partial summary judgment pursuant to CPLR 3212. Moreover, plaintiffs' responding papers demonstrate that they were fully aware of the nature of the relief sought by defendants. Therefore, in our view, no additional notice by the court was necessary.

Plaintiffs also contend that Supreme Court erred in granting summary judgment dismissing their first three causes of action. In order to maintain an action for emotional injuries occasioned by the death of a newborn, the mother must be shown to have suffered a physical injury as a result of the alleged malpractice (Sceusa v Mastor, 135 AD2d 117, 120-121, lv dismissed 72 NY2d 909; Burgess v Miller, 124 AD2d 692, 694). In support of his motion for summary judgment, Verrilli submitted an excerpt from plaintiff's deposition wherein she stated that she suffered no physical injury from the delivery except for an episiotomy. Moreover, in his examination before trial, Verrilli rendered his opinion based on plaintiff's medical records that her labor pains were not excessively intense. An episiotomy will not constitute a physical injury unless it is also alleged to be the cause of the infant's death (Farago v Shulman, 104 AD2d 965, 966, affd 65 NY2d 763). The foregoing proof prima facie established that plaintiff suffered no physical injury as the result of any alleged malpractice. In

response, plaintiffs submitted only an attorney's affidavit alleging that plaintiff was physically injured by an excessive dose of pitocin. This allegation, however, unsubstantiated by any expert medical evidence, was insufficient to create a triable issue of fact (see, Smith v Johnson Prods. Co., 95 AD2d 675, 676; see also, Amodeo v Radler, 89 AD2d 594, 595, affd 59 NY2d 1001). Consequently, Supreme Court did not err in granting defendants' motions for partial summary judgment.

We have considered plaintiffs' other contentions and find them to be without merit.

Order affirmed, with one bill of costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.