■ DEBRA STILES, Individually and as Parent and Natural

Guardian of PHILLIP L. STILES, JR., an Infant, and as Limited Administratrix of the Estate of PHILLIP L. STILES, JR., Deceased, et al., Appellants, v ANUBHA SEN et al., Respondents. —Order unanimously reversed on the law without costs and motion denied. Memorandum: Special Term erred by granting defendants' motion for summary judgment dismissing plaintiff Debra Stiles' claims for emotional distress and mental anguish suffered as a result of the death of her infant son one-half hour after his birth, as well as her husband's derivative claims.

Debra Stiles was admitted to defendant St. James Mercy Hospital on September 17, 1985. Her obstetrician, defendant Dr. Anubha Sen, induced labor at about 12:30 P.M. After efforts to deliver the baby with a vacuum extractor failed, Dr. Sen used forceps and a male infant was born alive at approximately 4:44 P.M. The child, who was normal in all respects, died within a half hour of birth of extensive trauma to the scalp, skull, and brain. Debra Stiles suffered severe hemorrhaging resulting in the loss of over 500 cubic centimeters of blood. She developed sinus tachycardia, requiring treatment by a cardiologist.

Plaintiff commenced this medical malpractice action, asserting claims against defendants for, *inter alia*, emotional distress. Defendants moved for summary judgment dismissing those claims on the ground that Debra Stiles had not suffered an independent injury. Special Term granted defendants' motions, concluding that "plaintiff has not established an independent injury". We reverse.

On a motion for summary judgment, the moving party must establish its entitlement to judgment as a matter of law *(GFT Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Zuckerman v City of New York,* 49 NY2d 557). To sustain an action for emotional injuries occasioned by the death of a newborn, the mother must demonstrate that she also suffered a physical injury as a result of the alleged malpractice *(Bauch v Verrilli,* 146 AD2d 835; *Sceusa v Mastor,* 135 AD2d 117, *lv dismissed* 72 NY2d 909; *Burgess v Miller,* 124 AD2d 692, 693). In the complaint and the bill of particulars, plaintiffs alleged that Debra Stiles suffered injuries as a result of defendants' negligence, including massive blood loss with resulting sinus tachycardia. To support their motion for summary judgment, defendants offered only the affidavit of defendant Dr. Sen, who averred, upon information and belief, that the postpartum hemorrhage suffered by Debra Stiles was not an uncommon development of any normal delivery. In opposition to defen-

dants' motion, plaintiffs submitted the affidavit of an undisclosed obstetrician and fellow of the College of Obstetrics and Gynecology. This physician opined that Debra Stiles had suffered either a torn cervix or vaginal vault tear related to the improper use of forceps and that this was not an injury "expected or found in the normal vaginal delivery."

In our view, the conflicting expert opinions are sufficient to require a trial on the issue of whether Debra Stiles suffered an independent injury (see, Wilson v Woodward Bldrs., 140 AD2d 957). Unlike a cesarean section or an episiotomy, which have been held not to be independent injuries allowing for recovery for emotional distress, because they are part of the childbirth process and because the procedures themselves did not result in the death of the baby (see, Sceusa v Mastor, supra; Farago v Shulman, 104 AD2d 965, affd 65 NY2d 763), Debra Stiles' alleged injury, a cervical or vaginal vault tear with resultant complications, is alleged to have been caused by the same negligent conduct, the improper use of forceps, that crushed the skull of her infant son.

We reject the claim of defendant hospital, raised for the first time on appeal, that Dr. Sen is not its employee or agent and, thus, it cannot be held vicariously liable for her conduct. This argument was not made before Special Term, and the record before us is insufficient to allow determination of this issue as a matter of law. (Appeal from order of Supreme Court, Steuben County, Finnerty, J.—partial summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.