■ JOY A. SILVERSTEIN, Individually and as Administratrix of the Estate of DANA A. SILVERSTEIN, Deceased, et al., Respondents, v BRONXVILLE OBSTETRICAL AND GYNECOLOGICAL GROUP, P. C., et al., Appellants.—In an action to recover damages for personal injuries based on medical malpractice, the defendants Bronxville Obstetrical & Gynecological Group, P. C., Sylvia Nielsen Gregory, as executrix of the estate of John Gregory, M.D., and Robert Armbruster, M.D., appeal, and the defendant Lawrence Hospital separately appeals, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered April 6, 1988, as denied those branches of their respective motions which were for summary judgment dismissing the first, second and third causes of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which denied those branches of the defendants' motions which were for summary judgment dismissing the second cause of action, and substituting therefor a provision granting those branches of the defendants' motions, and (2) by deleting the provision thereof which denied those branches of the defendants' motions which were for summary judgment dismissing so much of the third cause of action as seeks to recover damages on behalf of the plaintiff father for loss of the services of the infant Dana Ann Silverstein, and substituting therefor a provision granting those branches of the defendants' motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A review of the record indicates that an issue of fact exists as to whether the plaintiff Mrs. Silverstein sustained independent physical injuries to her person, during childbirth, as a result of the defendants' negligence. Accordingly, the Supreme

Court properly denied those branches of the defendants' motions for summary judgment which were to dismiss the first cause of action. If Mrs. Silverstein ultimately prevails on this first cause of action, she may recover damages, *inter alia,* only for emotional and psychic harm endured by her as a result of the alleged physical injury inflicted upon her because of the defendants' negligence. However, she may not recover for any emotional and psychic harm attendant to the infliction of physical injury upon the infant Dana Ann Silverstein during childbirth, since no such physical injury was substantiated in the plaintiffs' opposition papers *(see generally, Tebbutt v Virostek,* 65 NY2d 931; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Bubendey v Winthrop Univ. Hosp.,* 151 AD2d 713; *Bauch v Verrilli,* 146 AD2d 835; *Sceusa v Mastor,* 135 AD2d 117; *Farago v Shulman,* 104 AD2d 965, *affd* 65 NY2d 763). For the same reason, the plaintiffs' second cause of action, which seeks damages on behalf of the infant Dana Ann Silverstein, must be dismissed.

Finally, so much of the third cause of action as seeks damages on behalf of the plaintiff father for loss of the infant's services, must also be dismissed, inasmuch as it is derivative in nature *(Maidman v Stagg,* 82 AD2d 299). Mangano, P. J., Thompson, Bracken and Rosenblatt, JJ., concur.