[— NYS2d —]

CORA B. CREED et al., Respondents, v UNITED HOSPITAL et al., Appellants.

Second Department, July 6, 1993

APPEARANCES OF COUNSEL

*Marion Polovy,* New York City, for Albert Parker, appellant.

*Bower & Gardner,* New York City *(Howard R. Cohen* and *Richard W. Derry* of counsel), for United Hospital and another, appellants.

*Jason Shulman,* New York City, for respondents.

### OPINION OF THE COURT

MANGANO, P. J.

The primary issue to be resolved on this appeal is whether the plaintiffs' malpractice action, which seeks damages for emotional and psychic injuries only, can withstand a motion to dismiss for failure to state a cause of action. In our view, this question must be answered in the negative.

### I

The defendant Dr. Albert Parker was retained under a written agreement with the defendant I.V.F. Australia (USA) Ltd. (hereinafter I.V.F. [USA]) to assist in the performance of in vitro fertilizations. In 1987, the plaintiffs, a married couple, enrolled in the in vitro fertilization program conducted by these defendants, and, in October 1987, in vitro fertilization of ova of the wife was achieved. While the wife was in the operating room for the purpose of having her fertilized ova implanted, she was advised by the defendant Parker that he had previously implanted her fertilized ova in another woman.

The plaintiffs commenced the instant action alleging, *inter alia,* that the defendants Parker and I.V.F. (USA) had committed malpractice in implanting the wife's fertilized ova in the wrong woman. Although the complaint alleges in boilerplate language that the wife had suffered "injuries both internal and external" as a result of the malpractice, the crux of the damages sought by the plaintiffs can be found in

paragraph "TWELFTH" of the complaint which states that the wife suffered "serious and permanent injury to her psyche" as a result of the malpractice. In addition, the husband interposed a cause of action to recover damages for loss of consortium.

The defendant Parker moved, and the defendants United Hospital and I.V.F. (USA) separately moved, *inter alia,* to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

The Supreme Court denied these motions on the ground that the complaint alleged "physical and emotional injuries" and therefore stated a *"prima facie* cause of action".

## II

In our view, the complaint must be dismissed on the ground that it fails to state a cause of action.

We note that although the complaint states that the wife "suffered injuries both internal and external" as a consequence of the malpractice, the affidavits submitted by the plaintiffs, in opposition to the defendants' motions to dismiss for failure to state a cause of action, are totally silent on this issue. In an apparent attempt to cure this omission, the plaintiffs' appellate brief states that: "[t]he physical intrusion into the body of the wife, under anesthesia, to extract [ova], for in vitro fertilization, entitles plaintiffs to recover for physical injury and emotional harm, resulting from the malpractice of defendants in implanting the wife's [ova] into the wrong woman."

It is well settled that the "circumstances under which recovery may be had for purely emotional harm are extremely limited and, thus, a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff fear for his or her own physical safety" *(Lancellotti v Howard,* 155 AD2d 588, 589-590). Thus, as an illustrative example of this rule, the Courts of this State have consistently held that "absent independent physical injuries, [a] plaintiff wife may not recover for emotional and psychic harm as a result of [a] stillborn birth" *(Friedman v Meyer,* 90 AD2d 511, 512, *appeal dismissed* 59 NY2d 763; *Tebbutt v Virostek,* 102 AD2d 231, *affd* 65 NY2d 931; *Wittrock v Maimonides Med. Ctr.,* 119 AD2d 747; *Farago v Shulman,* 104 AD2d 965, *affd* 65 NY2d 763). In *Farago v*

*Shulman (supra),* the plaintiffs commenced an action to recover damages for alleged medical malpractice which resulted in the stillbirth of their child. The claimed injuries were the loss of the child and the emotional and psychological trauma resulting from that loss. In order to establish the requisite physical injury, the plaintiffs moved to amend their bill of particulars to include claims for blood loss and pain resulting from an allegedly improperly performed episiotomy and its subsequent repair. In reversing an order, *inter alia,* granting the plaintiffs' motion to amend their bill of particulars, this Court held: "In the instant case, the episiotomy was merely another aspect of the childbirth procedure itself, but was not a cause of the stillbirth so as to warrant recovery. Consequently, the amended complaint fails to state a cause of action" *(Farago v Shulman, supra,* at 966).

In the case at bar, the plaintiffs have not made any allegations of negligence and physical injury concerning the initial physical intrusion into the wife's body; in any event, the initial intrusion into the wife's body to extract her ova was not a cause of the subsequent improper implanting of the wife's fertilized ova into the other woman so as to warrant recovery *(see, Farago v Shulman, supra).* Nor does this case come within the ambit of the holdings in either *Martinez v Long Is. Jewish Hillside Med. Ctr.* (70 NY2d 697) or *Lynch v Bay Ridge Obstetrical & Gynecological Assocs.* (72 NY2d 632). In both of those cases, the "plaintiffs had suffered some form of physical trauma, however minimal, stemming from the defendants' negligence" *(Lancellotti v Howard,* 155 AD2d 588, 590, *supra).* In contrast, in the case at bar, the plaintiffs are "seeking to recover solely for emotional harm unaccompanied by any form of physical trauma" *(Lancellotti v Howard, supra,* at 590), and accordingly, the complaint herein must be dismissed.

## III

Finally, we are of the view that the Supreme Court properly denied the separate motions of the defendant Parker and the defendants United Hospital and I.V.F. (USA) to amend their answers to include the affirmative defenses of waiver and release. We agree with our colleagues in the First Department that an agreement such as the one upon which these affirmative defenses are based, violates public policy *(see, Ash v New York Univ. Dental Ctr.,* 164 AD2d 366).

O'BRIEN, RITTER and PIZZUTO, JJ., concur.

Ordered that the appeals from the order dated June 26, 1991 are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 19, 1991 is modified, on the law, by deleting the provisions thereof which denied those branches of the respective motions of the defendant Parker and the defendants United Hospital and I.V.F. Australia (USA) Ltd., which were to dismiss the complaint pursuant to CPLR 3211 (a) (7), insofar as it is asserted against them, on the ground that it fails to state a cause of action, and substituting therefor provisions granting those branches of the motions; as so modified, the order dated March 19, 1991 is affirmed, without costs or disbursements.