■ CAROL SLAUGHTER et al., Respondents, v ST. ANTHONY COMMUNITY HOSPITAL, Appellant. [615 NYS2d 61] —In an action, inter alia, to recover damages for intentional infliction of

emotional distress and negligent infliction of emotional distress, the defendant appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated July 8, 1992, as denied that branch of its motion which was to dismiss the plaintiffs' cause of action based on negligent infliction of emotional distress.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the plaintiffs' cause of action to recover damages for negligent infliction of emotional distress is granted, and the complaint is dismissed in its entirety.

According to the complaint, the plaintiff Carol Slaughter gave birth to a stillborn infant on May 3, 1991. The attending obstetrician recommended that "because of the gross deformities and abnormalities of the baby, a post-mortem examination be conducted". The defendant was allegedly instructed to carry out this examination, but negligently failed to do so. The failure has allegedly deprived the plaintiffs of the knowledge which they need in order to assess the risks which may be associated with future pregnancies, and has consequently caused them to suffer severe emotional distress.

The plaintiff Carol Slaughter suffered no physical injury herself and does not seek monetary compensation for the emotional distress associated with the stillbirth. Such recovery would in any event be unavailable (see, Creed v United Hosp., 190 AD2d 489; Wittrock v Maimonides Med. Ctr., 119 AD2d 748). Furthermore, there may be no recovery for the emotional distress related to the plaintiffs' alleged inability to plan future pregnancies properly (see, Villa v Marciano, 167 AD2d 828; Hahn v Taefi, 115 AD2d 946). Finally, we do not regard the defendant's failure to perform an autopsy on the remains of the stillborn infant as the negligent mishandling of a corpse (cf., Johnson v State of New York, 37 NY2d 378, 382; Markowitz v Fein, 30 AD2d 515; Beller v City of New York, 269 App Div 642; Weingast v State of New York, 44 Misc 2d 824). Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.