■ PAMELA J. MOYER, Individually and as Executrix of ARLENE I. MOODY, Deceased, Appellant, v AJOY K. ROY, M.D., Respondent. [57 NYS3d 867]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered March 24, 2016. The order granted the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff, individually and as executrix of the estate of Arlene I. Moody (decedent), commenced this medical malpractice and wrongful death action seeking damages for decedent's injuries and death as a result of a pharyngeal laceration sustained during an endoscopic ultrasound (EUS) procedure performed by defendant. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint. We reverse.

While decedent was being treated for complaints of abdominal pain, nausea and vomiting, an ultrasound study of her abdomen revealed an incidental finding of a small pancreatic cyst. Defendant's initial consult note stated that "cysts [of] this size are of no significance and can be followed clinically and with ultrasound or CT." Defendant testified at his examination before trial that he explained to decedent that he "did not see any sign of malignancy" and that a cyst of this small size in a person with decedent's family medical history carried a "small risk of malignancy." According to defendant, he explained to

decedent that treatment options included monitoring the cyst over a period of time through ultrasound or CT scans or performing an EUS with a fine needle biopsy of the cyst. Defendant's office notes recite that decedent had a family history of pancreatic cancer, and defendant testified that decedent was "extremely worried" about the cyst developing into cancer. According to defendant, as a result of these concerns, decedent agreed to undergo the EUS procedure. There is no dispute that defendant injured decedent's pharynx during the EUS procedure and that she died approximately one month later as a result.

Defendant moved for summary judgment dismissing the complaint and submitted his own affidavit averring, inter alia, that he did not deviate from the acceptable standard of care in offering decedent the EUS procedure as a reasonable treatment option, and he opined that he performed the procedure in accordance with appropriate and accepted technique, notwithstanding the resultant injury to decedent's pharynx.

Plaintiff opposed the motion with an affidavit of an expert, who opined that the EUS procedure was not an acceptable treatment option within the standard of care when a patient presents with a pancreatic cyst of such a small size. According to plaintiff's expert, the only medically acceptable choice was to monitor the cyst over time with imaging scans. Plaintiff's expert also opined that defendant departed from the standard of care in failing to address decedent's concern and worry with noninvasive treatment and that the injury suffered by decedent during the EUS procedure only occurs "when a doctor is doing the procedure both wrongly and dangerously" (see generally Stiles v Sen, 152 AD2d 915, 916-917 [1989]).

In support of his motion, defendant had the initial burden of establishing as a matter of law that he did not depart from the applicable standard of care (see Stukas v Streiter, 83 AD3d 18, 24 [2011]). Contrary to plaintiff's contention, we conclude that defendant met his burden through the submission of his own affidavit and deposition testimony, and decedent's medical records (see Starr v Rogers, 44 AD3d 646, 648 [2007]).

In opposition to the motion, plaintiff was required to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). " 'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a

jury' " (*Hayden v Gordon*, 91 AD3d 819, 821 [2012]). It is well settled that a medical malpractice cause of action may be based upon the theory that the physician performed an unnecessary surgical procedure on the patient and thereby caused an injury (*see Vega v Mount Sinai-NYU Med. Ctr. & Health Sys.*, 13 AD3d 62, 63 [2004]), and we conclude that the affidavit of plaintiff's expert raised a triable issue of fact with respect to that theory (*see generally Alvarez*, 68 NY2d at 324-325). Furthermore, inasmuch as the affidavit of plaintiff's expert was as " 'detailed, specific and factual in nature' " as defendant's own affidavit with respect to the additional theory that defendant was negligent in the performance of the EUS procedure (*Webb v Scanlon*, 133 AD3d 1385, 1386 [2015]), and plaintiff "was not required to prove the precise nature of defendant's negligence" (*Coluzzi v Korn*, 209 AD2d 951, 951 [1994], *lv denied* 85 NY2d 801 [1995]), we conclude that plaintiff raised a triable issue of fact on that theory as well (*see generally Alvarez*, 68 NY2d at 324-325). Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.