JANE RAYMOND, Individually and as Parent and Natural Guardian of MELANIE S. RAYMOND, an Infant, Appellant, v RICHARD BARTSCH, Respondent.

Third Department, December 31, 1981

APPEARANCES OF COUNSEL

*Napoletano, Kelly & Saccoman (Peter C. Graham* of counsel), for appellants.

*Carter, Conboy, Bardwell, Case & Blackmore (Dennis A. First* of counsel), for respondent.

OPINION OF THE COURT

CASEY, J.

On October 13, 1978, plaintiff, then nine months pregnant, was driving an automobile which was struck by an automobile owned and operated by defendant. Examination of plaintiff at the hospital emergency room revealed that the fetus had a heartbeat, and plaintiff was released. The following day, which was the due date for delivery of her child, plaintiff went into labor, and subsequently Melanie Sue Raymond was delivered stillborn. The automobile accident was listed as a probable cause of death.

Plaintiff commenced this action against defendant on behalf of herself and the infant, asserting six causes of action. The first cause of action seeks damages for plain-

tiff's serious injury within the meaning of section 671 of the Insurance Law due to the loss of the fetus. The second cause of action seeks damages for plaintiff's loss of services of the infant, and the third cause of action seeks damages for the wrongful death of the infant. The fourth cause of action seeks damages for the infant's pain and suffering; the fifth cause of action seeks damages for wrongful interference with the infant's constitutional right to life; and the sixth cause of action asserts a claim based upon defendant's wrongful interference with the infant's equitable right to life. Special Term held that the allegations of the complaint were not sufficient to state any cause of action and dismissed the complaint in its entirety. This appeal ensued.

With regard to the first cause of action, we agree with Special Term's conclusion that the injury alleged by plaintiff is not encompassed by the definition of serious injury in subdivision 4 of section 671 of the Insurance Law. The statute specifically enumerates the types of injuries considered to be serious, and the loss of plaintiff's fetus does not fall within any of the enumerated injuries. Specifically, we reject plaintiff's argument that a death occurred within the meaning of the statute, for in our view, the death must be that of a person born alive (see *Endresz v Friedberg,* 24 NY2d 478, 485-486). We find no merit to plaintiff's suggestion that plaintiff's loss of the fetus constituted "the permanent loss of use of a body organ, member, function or system" (Insurance Law, § 671, subd 4). While unborn children "have never been recognized as persons in the law in the whole sense" *(Bryn v New York City Health & Hosps. Corp.,* 31 NY2d 194, 200), it does not follow that a fetus is a body organ or member of its mother. Plaintiff argues that, regardless of serious injury, under common law a parent is entitled to recover any damages for injuries suffered in her own person, including her suffering as a result of the stillbirth *(Endresz v Friedberg, supra,* p 484) and that the no-fault insurance law (Insurance Law, art 18) must be strictly construed. However, subdivision 1 of section 673 of the Insurance Law expressly bars recovery for noneconomic loss in the absence of serious injury and the injuries alleged by plaintiff in her first cause of action plainly

constitute noneconomic loss (Insurance Law, § 671, subd 3).

With regard to the remaining five causes of action, we agree with Special Term that dismissal is required by *Endresz v Friedberg (supra)*. Plaintiff's arguments for reconsideration of the rule set forth in *Endresz* must be addressed to the Legislature or the Court of Appeals (see *Bell v Cox,* 54 AD2d 920). Finally, we reject plaintiff's contention that this case can be distinguished from *Endresz* on the ground that the fetus herein was viable when the accident occurred, for in *Endresz* the court noted that "[t]o make viability rather than birth the test would not remove the difficulty but merely relocate it and increase a hundred-fold the problems of causation and damages" (24 NY2d 478, 486).

The order should be affirmed, without costs.

MAHONEY, P.J., SWEENEY, YESAWICH, JR., and HERLIHY, JJ., concur.

Order affirmed, without costs.