■ RITA PRADO et al., Appellants, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Respondents.— In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Queens County (Santucci, J.), entered March 19, 1987, which, upon an order of the same court dated February 26, 1987, granting the motion of the defendant Younus for summary judgment, dismissed the complaint insofar as asserted against him, and (2) a judgment of the same court dated April 29, 1987, which upon the order dated February 26, 1987, granting the respective cross motions of the defendants Catholic Medical Center of Brooklyn and Queens, Inc., St. John's Queens Hospital, Kenel-Piere, De Slate and Sekar to dismiss the complaint insofar as asserted against them, dismissed the complaint as asserted against these defendants. The plaintiffs' notice of appeal from the order is deemed a premature notice of appeal from the judgments (CPLR 5520 [c]).

Ordered that the judgments are modified by deleting the provisions thereof which in effect dismissed that part of the second cause of action asserted in the complaint which seeks to recover damages allegedly suffered by the plaintiff Rita Prado as a result of being subjected to the fear of her own impending death and/or physical injury due to the alleged malpractice by the defendants, substituting therefor a provi-

sion in the judgment as to Younus denying the motion, and in the judgment as to the remaining defendants denying the cross motions insofar as they sought dismissal of that part of the second cause of action, and adding thereto a provision severing that part of the second cause of action from the remainder of the action; as so modified, the judgments are affirmed insofar as appealed from, without costs or disbursements.

This is an action to recover damages, *inter alia,* based upon the stillbirth of the plaintiffs' child. The plaintiff Rita Prado had undergone a rectocystocele repair several years prior to her pregnancy. On her prenatal visit the defendants had decided that a vaginal childbirth would be dangerous and delivery of the fetus by Caesarean section was necessary. On February 9, 1983, the plaintiff, who was in labor, was admitted to the defendant St. John's Hospital at 10:00 A.M. However, a Caesarean was not performed until approximately 1:30 P.M. due to the delay in performing an EKG, despite the fact that there had been a diagnosis of fetal distress. The baby was delivered stillborn.

The claim that the plaintiff Rita Prado suffered prolonged pain cannot be actionable since it was not permanent and since it could be considered as pain naturally associated with the childbirth process itself *(Wittrock v Maimonides Med. Center-Maimonides Hosp.,* 119 AD2d 748). It is well settled that absent independent physical injuries, a mother may not recover for emotional and psychic harm as a result of a stillbirth *(Vaccaro v Squibb Corp.,* 52 NY2d 809; *Friedman v Meyer,* 90 AD2d 511, *appeal dismissed* 59 NY2d 763).

However, Mrs. Prado's fear of personal injury and imminent death arising from the possible destruction of the previous rectocystocele repair was not related to the childbirth process. "[A]n individual can recover for the psychic injuries suffered as a result of another's negligence where there has been no physical impact if the party seeking recovery was subjected to the fear of physical injury as a direct result of the tortious conduct" *(Howard v Lecher,* 42 NY2d 109, 111). The fact that the damages or injuries in such a case may be difficult to prove is irrelevant, and "the question of proof in individual situations should not be the arbitrary basis upon which to bar all actions" *(Battalla v State of New York,* 10 NY2d 237, 242).

Mrs. Prado's fear of potential injury, which the plaintiffs alleged in their bill of particulars (i.e., "fear of her own impending death and/or immediate personal injury"), therefore, distinguishes this case from such cases as *Gastwirth v*

*Rosenberg* (117 AD2d 706), *Farago v Shulman* (104 AD2d 965), and *Friedman v Meyer (supra).* Accordingly, the plaintiff has a cause of action for being put in fear of her own physical injury based on her exceptional factual circumstance, i.e., the real possibility of the rupture of a prior successful rectocystocele repair, notwithstanding the fact that she cannot recover for any emotional injury resulting from the stillbirth and fear for the fetus. Mangano, J. P., Bracken and Balletta, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgments appealed from with the following memorandum: The allegations of various injuries set forth by the plaintiffs in their verified bill of particulars constitute, in my view, nothing more than nonactionable claims for damages for emotional distress resulting from the stillbirth of the plaintiffs' baby. Inasmuch as the record is barren of any evidence of independent physical injuries sustained by the plaintiff mother, I do not concur with the position adopted by my learned colleagues of the majority.

The rationale underlying the frequently articulated general rule that the parents of children born with birth defects cannot recover for the attendant emotional and psychic injury is that the emotional trauma is due not to any negligence which may have resulted in the birth defect but, rather, to their personal anguish upon witnessing their child's suffering *(see, Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109). This general rule is not, however, without its inroads. According to the Court of Appeals, a cause of action for emotional harm is legally cognizable where the harm emanated from the defendant's breach of a duty owed directly to the plaintiff *(Martinez v Long Is. Jewish Hillside Med. Center,* 70 NY2d 697). In *Martinez,* the plaintiff mother's mental anguish and depression were the direct consequences of the defendants' breach of duty owed directly to her in providing her with erroneous advice upon which she affirmatively acted in opting to have an abortion. The emotional distress for which the plaintiff sought recovery did not derive from the death of the fetus but, rather, from the psychological injury directly caused by her acquiescence in an act which was in contravention of her deep-rooted convictions. Stated succinctly, the defendants' breach of duty was the precipitating and proximate cause of the plaintiff's injury in that case. Conversely, there is no legally cognizable cause of action where the plaintiff's emotional harm ensued indirectly through the reaction of the plaintiff to physical injury negligently caused to a third person *(see, Tebbutt v Virostek,* 65

NY2d 931; *Johnson v Jamaica Hosp.,* 62 NY2d 523; *Kennedy v McKesson Co.,* 58 NY2d 500).

As the defendants have aptly noted, the causes of action asserted in the plaintiffs' complaint fit within the parameters of the latter category of indirect emotional harm. Notwithstanding the plaintiffs' attempts to differentiate the instant facts from that category of cases, my review of the record supports the conclusion that the plaintiffs are seeking to recover solely for their emotional harm, unaccompanied by any independent physical injury to the plaintiff mother *(see, Vaccaro v Squibb Corp.,* 52 NY2d 809), which resulted indirectly from their reaction to the stillbirth.

While I sympathize with the plaintiffs' sufferings and am disturbed by the negligent medical practice alleged here, I am opposed to the recognition of such a cause of action under the circumstances. Accordingly, I vote to affirm the judgments dismissing the complaint.