■ MARIE BUZNIAK et al., Appellants-Respondents, v COUNTY OF WESTCHESTER et al., Respondents-Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered June 13, 1988, as granted that branch of the defendants' motion which was for partial summary judgment dismissing the plaintiffs' first cause of action to the extent that it seeks recovery for emotional distress, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for partial summary judgment dismissing the plaintiffs' first cause of action to the extent that it seeks recovery for physical suffering.

Ordered that the order is reversed insofar as appealed from, the defendants' motion for partial summary judgment is denied in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that plaintiffs are awarded one bill of costs.

The plaintiff Marie Buzniak seeks to recover damages for medical malpractice stemming from an allegedly negligent performance of an amniocentesis. Her husband asserts a derivative claim. The amniocentesis allegedly caused her to sustain a staphylococcus infection resulting in a spontaneous abortion.

It is well settled that in the absence of independent physical injuries, a mother may not recover for emotional distress as a result of a stillbirth (*Prado v Catholic Med. Center*, 145 AD2d 614; *Friedman v Meyer*, 90 AD2d 511). Conversely, if the mother has suffered distinct physical injuries, her immediate mental distress wrought by the death of her unborn child is a cognizable element of any such independent physical injuries (*see, Tebbutt v Virostek*, 65 NY2d 931; *Endresz v Friedberg*, 24 NY2d 478; *McLean v Lilling* 140 Misc 2d 191). Since the plaintiff Marie Buzniak offered evidentiary proof that she sustained an independent physical injury by virtue of the amniocentesis alleged to have been negligently performed (viz., the staphylococcus infection, which in turn is said to have caused the spontaneous abortion), she has stated a claim for damages for the emotional distress occasioned by the injury (*see, Endresz v Friedberg, supra*), so as to withstand the defendants' motion for partial summary judgment. Similarly, the defendants are not entitled to partial summary judgment as to the plaintiff's claim for damages for the physical suffering endured as a consequence of the injury. In *Endresz v Friedberg (supra*, at 488), the Court of Appeals, quoting *Witrak v Nassau Elec. R. R. Co.* (52 App Div 234, 236), noted that: " 'The plaintiff is entitled to recover for the physical injury which she has sustained, and for the pain and suffering which she has endured and will endure as a result of the defendant's negligence. So far as a miscarriage or the delayed delivery of a stillborn child augments the mother's physical injury, pain or suffering, so far is it proper to be considered on the question of damages; but its effect in depriving the mother of offspring cannot be taken into account as an element of damage at all' ". Accordingly, we conclude that the defendants' motion for partial summary judgment should have been denied in its entirety. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.