■ POLLINA GUIALDO, Respondent, v STEPHEN F. ALLEN et al., Appellants.—Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered April 26, 1989, which denied defendants' motions to dismiss the complaint (CPLR 3211 [a] [7]) or, in the alternative, to grant them summary judgment (CPLR 3212), unanimously reversed, on the law, the motions granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff, then pregnant, was admitted to defendant Misericordia Hospital at approximately 5:00 A.M. on the morning of April 26, 1981 complaining of occasional low-abdominal pain. Hospital admission notes indicate that delivery had been estimated for late March or early April. When, at some time after 6:00 A.M., a fetal heartbeat could not be detected, plain-

tiff told the responding physician that she had not felt the fetus move since April 24th. At 1:03 P.M. that afternoon, plaintiff delivered a stillborn baby girl.

Defendants moved to dismiss the complaint on the ground that it seeks recovery for psychic injury resulting from the stillbirth of the baby without any actual physical injury to plaintiff. Plaintiff opposed the motions, contending that for six weeks preceding delivery she experienced episodes of contractions which, she asserts, are not naturally associated with the process of childbirth and entitle her to recover for pain and suffering as well as the psychic injury attendant upon the stillbirth.

Supreme Court denied defendants' motions. Relying on *Prado v Catholic Med. Center* (145 AD2d 614), it held that "the mother's fear of physical injury to herself caused by the negligence of the defendants" supports a claim for pain and suffering "not normally incident to childbirth, but which is related to stillbirth."

*Prado (supra),* an action by a mother involving delay in performing a Caesarean section, does not support either claim advanced by plaintiff herein. In that case, the Appellate Division, Second Department *rejected* the plaintiff's action for pain and suffering "since it was not permanent and since it could be considered as pain naturally associated with the childbirth process itself *(Wittrock v Maimonides Med. Center-Maimonides Hosp.,* 119 AD2d 748)" (145 AD2d 614, 615, *supra).* The court, however, allowed the plaintiff's claim for psychic injury based on the "exceptional factual circumstances" *(supra,* at 615) that she herself might sustain physical injury as a result of the possible rupture of a rectocystocele repair she had undergone several years earlier.

In the matter under review, plaintiff has failed to allege that she sustained any physical injury which would support a claim for concomitant pain and suffering. She admits that, following her discharge from defendant hospital, she consulted no doctor or other professional with respect to any physical or emotional condition resulting from parturition. Furthermore, there is no support in the record before us for Supreme Court's conclusion that the pain suffered by plaintiff, including the low abdominal cramping allegedly experienced during the last six weeks of her pregnancy, was "not normally incident to childbirth" *(see, Bubendey v Winthrop Univ. Hosp.,* 151 AD2d 713; *Gastwirth v Rosenberg,* 117 AD2d 706, *lv denied* 68 NY2d 602; *Farago v Shulman,* 104 AD2d 965, *affd* 65 NY2d 763).

It is settled law that a plaintiff may not recover for injury resulting from witnessing the unintentional infliction of harm to another *(Howard v Lecher,* 42 NY2d 109, 112) unless the negligence of the defendant also created an unreasonable risk of bodily harm to the plaintiff and the emotional disturbance experienced is "serious and verifiable" *(Bovsun v Sanperi,* 61 NY2d 219, 230-231). The pleadings herein do not allege an unreasonable risk of bodily harm to plaintiff, and her alleged psychic injury is not verified. Moreover, the extension of the reasoning set forth in *Bovsun (supra)* to actions arising out of fetal injury has been explicitly rejected *(Burgess v Miller,* 124 AD2d 692). Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.