■ THERESA A. LA PAGE, Individually and as Natural Parent and Limited Administrator of the Estate of ASHLEY M. JENKINS, Deceased, et al., Appellants, v LYNNE DI COSTANZO et al., Respondents. [599 NYS2d 190] —Harvey, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered October 26, 1992 in Franklin County, which, inter alia, granted defendants' motions for summary judgment dismissing the first cause of action.

On the evening of February 9, 1989, Reuven Levy was called in by defendant Lynne Di Costanzo, to assist in a Caesarean section delivery of a full-term fetus carried by plaintiff Theresa A. La Page. By the time it was delivered, however, the baby was already dead. La Page and the baby's father thereafter commenced this action against defendants alleging one cause of action for wrongful death on the baby's behalf and a second cause of action by La Page alone for her claimed damages arising out of defendants' actions. Following joinder of issue, all defendants separately moved for summary judgment requesting, inter alia, that the wrongful death action be dismissed on the basis that New York does not recognize a wrongful death cause of action for a stillborn child. Although in opposition to these motions plaintiffs initially argued that their baby was born alive, it was ultimately conceded that the baby was stillborn and plaintiffs instead argued for a modification of the current law. Supreme Court thereafter dismissed the wrongful death cause of action and this appeal by plaintiffs ensued.

We affirm. Plaintiffs do not dispute the fact that the law in New York is that no wrongful death cause of action exists on behalf of a stillborn fetus (see, Endresz v Friedberg, 24 NY2d

478, 482-487; *see also, Tebbutt v Virostek,* 65 NY2d 931, 933; *Raymond v Bartsch,* 84 AD2d 60, *lv denied* 56 NY2d 508). While plaintiffs raise several interesting arguments in support of their claim that the law should be changed, this Court has stated before that reconsideration of the law established in *Endresz v Friedberg (supra)* "must be addressed to the Legislature or the Court of Appeals" *(Raymond v Bartsch, supra,* at 62). Accordingly, we cannot conclude that the wrongful death cause of action was inappropriately dismissed *(see, Indilicato v Bellevue Maternity Hosp.,* 108 AD2d 997).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.