(August 8, 1994)

■ ACCU LINE CONTRACTING, INC., Appellant, v AETNA CASU-ALTY & SURETY COMPANY, Respondent. [615 NYS2d 453] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated April 1, 1992, as denied those branches of its motion for summary judgment which were to recover the principal sum of $23,368.65 on the "Eastern Parkway Project" and the principal sum of $27,687.02 on the "Broadway Project", and awarded it only $16,560 on the Broadway project.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branches of the plaintiff's motion are granted, the award for the Broadway project is increased from $16,560 to $27,687.02, the plaintiff is awarded $21,838.65 for the Eastern Parkway project, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment for those sums plus interest from the date the action was commenced.

The plaintiff subcontractor was hired by a general contractor to remove existing traffic signs and to furnish and install new signs for two street reconstruction projects in Brooklyn. The defendant executed two payment bonds under which it agreed to be the general contractor's surety and to pay moneys owed should the general contractor default on claims for payment submitted by its subcontractors. The plaintiff submitted bills to the general contractor for work performed, was not paid, and commenced this action against the defendant for recovery pursuant to the payment bonds. The plaintiff then moved for summary judgment in its favor.

It is well settled that to obtain summary judgment the movant must establish his defense or cause of action sufficiently to warrant a court's grant of judgment in his favor as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d

557, 562). The party opposing summary judgment must present admissible evidence establishing a triable issue of fact, and mere conclusory or unsubstantiated allegations or assertions are insufficient as evidence to oppose the motion *(see, Zuckerman v City of New York, supra,* at 562). We find that the defendant failed to demonstrate the existence of a triable issue of fact, and the mere conclusory allegations of its expert witness were insufficient as evidence to oppose the motion *(see, Zuckerman v City of New York,* 49 NY2d, at 562, *supra).*

We note that the plaintiff in its brief on appeal has withdrawn its claim for $1,540 in connection with the Eastern Parkway Project. Therefore, the plaintiff's recovery for that project is $21,838.65 rather than $23,368.65. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.