■ In the Matter of DIANE BRAIOTTA, Petitioner, v GLORIA ESPOSITO et al., Respondents, and MICHAEL FLYNN, Appellant. [659 NYS2d 1009] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered February 21, 1995, which, after a hearing, granted custody to the child's maternal aunt.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

After the order appealed from was entered, the father petitioned for custody of the subject child. His application for custody was granted by order of the Family Court, Westchester County (Tolbert, J.), entered May 1, 1997. Since the father has been awarded custody of the subject child, the instant appeal is academic. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.

■ In the Matter of the Estate of KRISTEN J. BROADNAX, Deceased. [659 NYS2d 502] —In a proceeding pursuant to Surrogate's Court Procedure Act article 7 for the issuance of limited letters of administration, the petitioners appeal from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated July 3, 1996, which denied the petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioners sought limited letters of administration in the Surrogate's Court for the purpose of maintaining causes of action in the Supreme Court to recover damages for personal injury and wrongful death on behalf of the estate of their infant daughter Kristen, who was stillborn. The Surrogate properly denied the petitioners' application, as no cause of action to recover damages for wrongful death or personal injury exists on behalf of a stillborn infant (see, Endresz v Friedberg, 24 NY2d 478; La Page v Di Costanzo, 194 AD2d 977, lv denied 82 NY2d 662, cert denied 510 US 1178; see also, LaBello v Albany Med. Ctr. Hosp., 85 NY2d 701). O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.