■ KAREN BROADNAX et al., Appellants-Respondents, v FREDERICK A. GONZALEZ et al., Respondents-Appellants, and A SHARED BEGINNING: WESTCHESTER BIRTH CENTER, INC., et al., Respondents. [675 NYS2d 547] —In an action to recover damages for medical malpractice, etc., (1) the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered June 24, 1997, as granted those branches of the defendants' respective motions which were to

dismiss those causes of action which were brought on behalf of the stillborn infant plaintiff Kristin Jade Broadnax and on their derivative causes of action, and (2) the defendants Frederick A. Gonzalez, St. Joseph's Hospital, Georgia Rose, and Gauri Borah separately cross-appeal from so much of the order as denied the branches of their respective motions which were to dismiss the plaintiffs' gross negligence causes of action.

Ordered that the order is reversed insofar as cross-appealed from by the defendants St. Joseph's Hospital, Georgia Rose, and Gauri Borah, and those branches of their respective motions which were to dismiss the plaintiffs' gross negligence causes of action are granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by the defendant Frederick A. Gonzalez; and it is further,

Ordered that the defendants St. Joseph's Hospital, Georgia Rose, and Gauri Borah are awarded one bill of costs, payable by the plaintiffs.

The Supreme Court properly dismissed those causes of action brought on behalf of the stillborn infant, as no cause of action to recover damages for wrongful death or personal injury exists on behalf of a stillborn infant (*see, Endresz v Friedberg,* 24 NY2d 478; *Matter of Broadnax,* 240 AD2d 663; *La Page v Di Costanzo,* 194 AD2d 977, *cert denied* 510 US 1178).

Additionally, we find that the record does not support a claim of gross negligence with respect to the defendants St. Joseph's Hospital, Georgia Rose, and Gauri Borah (*see, Spinosa v Weinstein,* 168 AD2d 32).

The parties' remaining contentions are without merit. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.