■ LYNN PUGLISI et al., Appellants, v TOTAL COMMUNITY MANAGEMENT et al., Defendants and Third-Party Plaintiffs-Respondents. KEW FOREST MAINTENANCE SUPPLY Co. et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [678 NYS2d 770] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Ain, J.), entered August 22, 1997, which granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court (Carter, J.), dated January 23, 1998, as denied that branch of their motion which was denominated as one to renew their opposition to the motion for summary judgment, but was in fact a motion for reargument. The notice of appeal from a decision of the same court (Ain, J.), dated June 23, 1997, is deemed a premature notice of appeal from the order entered August 22, 1997 (*see,* CPLR 5520 [c]).

Ordered that the appeal from the order dated January 23, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered August 22, 1997, is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The plaintiff Lynn Puglisi was in the garbage disposal room of her apartment building disposing of some recyclable items when she encountered the black smoke of an insecticide fogger. Puglisi, who was then approximately three months pregnant, experienced dizziness, nausea, a pounding chest, itchy skin, and cramping. Approximately one week later, she suffered a miscarriage.

The court properly granted the motion by the defendants third-party plaintiffs for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. It is well settled that a mother may not recover for emotional and psychic harm as the result of the death of a fetus absent independent physical injuries distinct from the injury to the fetus (see, Tebbutt v Virostek, 65 NY2d 931; Vaccaro v Squibb Corp., 52 NY2d 809; Prado v Catholic Med. Ctr., 145 AD2d 614; Scott v Capital Area Community Health Plan, 191 AD2d 772). Puglisi failed to prove that a triable issue of fact existed as to whether the insecticide proximately caused the miscarriage, and the mere conclusory statements of her expert were insufficient as evidence to oppose the motion, which made out a prima facie case for summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324-325; Accu Line Contr. v Aetna Cas. & Sur. Co., 207 AD2d 366).

That branch of the plaintiffs' motion which was denominated as one to renew their opposition to the motion for summary judgment was in fact a motion for reargument, as the plaintiffs failed to demonstrate the existence of new facts that were not before the court on the original motion, and that these facts were either unknown or unavailable at the time the relief was originally sought, or a satisfactory reason why the facts were not submitted (see, Schumann v City of New York, 242 AD2d 616; Matter of Bernstein v Mitgang, 242 AD2d 328; 12 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.24). Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.