■ LOVE NJOKU, Respondent, v CITY OF NEW YORK et al., Appellants. [679 NYS2d 139] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered May 23, 1997, which, to the extent appealed from as limited by defendants' brief, denied defendants' motion to dismiss the complaint for failure to state a cause of action or for summary judgment, unanimously affirmed, without costs.

While the law does not permit a mother's recovery for wrongful death or negligent infliction of emotional distress based solely upon the still birth of her child (see, Matter of Broadnax, 240 AD2d 663; Guialdo v Allen, 171 AD2d 535), it does permit recovery upon a theory such as that alleged in the complaint, namely, that by reason of obstetric malpractice plaintiff mother herself sustained physical injury in childbirth with emotional sequellae (see, Buzniak v County of Westchester, 156 AD2d 631). Whether plaintiff did indeed sustain physical injury in excess of that ordinarily incident to childbirth (see, Guialdo v Allen, supra) and whether she did so by reason of the malpractice alleged against defendants, are, upon the conflicting expert affidavits before us, triable questions of fact precluding the grant of defendants' motion for summary judgment. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.