OPINION OF THE COURT
Phillip R. Rumsey, J.
In this negligence action arising from a motor vehicle accident, plaintiff — who was eight months pregnant at the time of the accident, and delivered a stillborn infant several hours later — seeks to recover for, inter alia, emotional and psychological injuries she sustained as a result of the loss of her fetus. Defendant moves for dismissal of the complaint, arguing that *68 inasmuch as plaintiff herself did not suffer any distinct physical injury, apart from the loss of the baby, she cannot recover for her emotional injuries.
Although “loss of a fetus” is one of the categories of “serious injury” for which noneconomic loss resulting from a motor vehicle accident may be sought through litigation (see, Insurance Law § 5102 [d]), defendant contends that this does not abrogate the common-law prohibition against recovery for purely mental, emotional or psychological damages stemming from a stillbirth, in the absence of any related physical injury to the mother herself. Thus, in defendant’s view, while the loss of the fetus is sufficient to clear the “serious injury” threshold, allowing plaintiff to bring an action to recover any legally compensable noneconomic damages resulting from the accident, she has nevertheless failed to demonstrate that she sustained any such damages. Defendant maintains that, inasmuch as the only physical symptoms plaintiff claims to have suffered are those “secondary to childbirth,” such as labor pain and scarring from the emergency cesarean section operation, she has not sustained a physical injury to her own body that could form the basis for recovery.
In response, plaintiff contends, among other things, that she did suffer a physical injury, to wit, the physical trauma or impact that caused her membranes to rupture prematurely, resulting in her premature labor and, she maintains, in the ultimate death of her fetus.[1] In addition, she notes, the medical records confirm that her right knee was bruised (albeit only “slightly”) in the collision. Moreover, plaintiff urges that it would be unseemly, in light of the legislature’s express addition of “loss of a fetus” to the list of serious injury categories, to apply preexisting common-law principles in such a manner as to preclude recovery for precisely that type of loss.
Even were the court to accept defendant’s legal argument— that recovery may not be had for emotional or psychological injuries stemming from the loss of a fetus, as a result of a motor vehicle accident, unless there is proof of a direct physical injury to the mother’s body that caused the miscarriage or stillbirth — summary judgment would still be inappropriate on this record. The evidence before the Court, when viewed in the light most favorable to plaintiff, could support a finding that *69 the collision of the parties’ vehicles caused the precipitous and premature rupture of plaintiffs amniotic membranes. While the breaking of such membranes does occur as a natural part of the childbirth process, in this instance the rupture did not occur as part of such process, which apparently had not yet begun in any respect; rather, it assertedly resulted from a direct application of external, traumatic force to plaintiffs body, causing a part of her body (the amniotic sac) to break, which in turn arguably caused the childbirth process to begin before it otherwise would have. Thus, even the requirement defendant would have the court impose — that there be an independent, causative, physical injury to plaintiff, “distinct from that suffered by the stillborn fetus” (Scott v Capital Area Community Health Plan, 191 AD2d 772, 773) — has been satisfied in this case.
It also bears noting that, with one exception, all of the cases cited by defendant involved charges of medical malpractice,[2] under circumstances where it had been held that the defendant owed (and thus breached) no duty to the plaintiff, to protect her unborn child (see, id.; Tebbutt v Virostek, 65 NY2d 931, 932; Farago v Shulman, 65 NY2d 763; Sceusa v Mastor, 135 AD2d 117, lv dismissed 72 NY2d 909). In one of those cases, the Court of Appeals expressly distinguished the scenario then at issue from that presented in an automobile collision case, reaffirming its prior holding that, in the latter situation, there is “a clearly recognized duty” to drive with care which, if breached, gives rise to a cause of action for the “physical and mental injuries [the plaintiff] sustained, including the emotional upset attending [a] stillbirth[ ]” (Tebbutt, at 933, citing Endresz v Friedberg, 24 NY2d 478). The Court went on to clarify that “the duty question,” not at issue in Endresz, was “central to resolution of the [Tebbutt] appeal” (Tebbutt, at 933; cf., Kaniecki v Yost, 166 Misc 2d 408, 414).
Further support for plaintiffs position may be gleaned from the circumstances surrounding the legislative amendment of the “serious injury” statute in 1984 (L 1984, ch 143), and the *70 amendment itself. Although it has been held that the addition of “loss of a fetus” to the list of serious injury categories, for purposes of the No-Fault Law, should not be viewed as such a broad statement of public policy as to abrogate the Tebbutt holding with respect to the recovery of emotional damages in the medical malpractice realm (see, Gastwirth v Rosenberg, 117 AD2d 706, 707, lv denied 68 NY2d 602), the legislative history shows that the amendment was expressly intended to overrule the holding of Raymond v Bartsch (84 AD2d 60, lv denied 56 NY2d 508), a case that was factually similar to this one (see, e.g., Sponsor’s Mem, Bill Jacket, L 1984, ch 143). In Raymond, the plaintiff, who delivered a stillborn infant one day after she was involved in an automobile accident, was precluded from recovering for her own suffering in connection therewith, because the loss of the fetus did not come within any of the then-enumerated categories of serious injury. Ms. Raymond did not claim to have sustained any other qualifying “serious injury,” and there is no indication, in the court’s opinion, that she had suffered any physical injury to her own person, other than the unspecified trauma that apparently caused the death of the infant. Thus, the legislature’s expressed intention to overrule the holding therein may be construed as some evidence that it intended to permit recovery where, as here, the only injury sustained in an accident is the loss of a fetus.
In any event, the nature of the amendment itself seems indicative of an intention, on the part of the legislature, to signify that the loss of a fetus should itself be viewed as an injury to the plaintiff,[3] and to establish a policy of allowing recovery for such injury, at least in the narrow realm in which that statute applies (to wit, when the loss stems from an automobile accident caused by the defendant’s negligence).
Accordingly, defendant’s motion is hereby denied.

. Although defendant does not concede that the stillbirth was caused by the accident, plaintiffs proof is sufficient to raise a factual question in that regard; thus, the court shall assume, for the purposes of this motion, that causation has been established.

. The sole exception, Puglisi v Total Community Mgt. (254 AD2d 401), although mentioning as a general principle the prohibition against recovery for emotional harm resulting from a miscarriage or stillbirth, appears to have been decided primarily on the ground that the plaintiff had failed to establish a triable question as to proximate causation. In any event, that case, like the others, did not involve an automobile accident, with respect to which this Court finds the Court of Appeals holdings in Endresz v Friedberg (24 NY2d 478, discussed infra), and the legislature’s expression of policy (by virtue of its amendment of the No-Fault statute), compel a different result.

. The amendment plainly evidences a belief, on the part of the legislature, that the loss of a fetus, stemming from a motor vehicle accident, constitutes an “injury” to the plaintiff (were that not so, it could not be “serious” injury). In addition, there would be no reason to allow a suit to be brought by a woman who has sustained such a loss (there typically being no other person to bring it), if there were either no duty on the part of the defendant to exercise due care to avoid it, or the resulting damages were not compensable.