■ REBECCA MAHER et al., Respondents, v CHANG N. YOON et al., Appellants. [746 NYS2d 493]

In her fifth and sixth causes of action, the plaintiff sought to recover damages for the pain and suffering endured by her deceased newborn (hereinafter the infant), and compensation for the pecuniary losses suffered by the infant's distributees. However, the evidence in the record establishes that the infant was stillborn. This evidence includes an autopsy report which described the infant as stillborn and indicated that the infant's lungs were "airless," the deposition testimony of the plaintiff and her mother to the effect that they never saw the infant show signs of life, and an admission in the plaintiff's bill of particulars that the infant had died "inside of her." According to the obstetrical nurse who assisted at the delivery, the infant was silent, grey, flaccid, and without heartbeat or respiration at the moment of separation from the plaintiff.

The law in this state is well settled that no cause of action lies to recover damages on behalf of a stillborn fetus (see *Endresz v Friedberg,* 24 NY2d 478; *Broadnax v Gonzalez,* 251 AD2d 440; *Politis v Pritzker,* 249 AD2d 529; *La Page v Di Costanzo,* 194 AD2d 977, *appeal dismissed* 82 NY2d 748, *cert denied* 510 US 1178; *Kaniecki v Yost,* 166 Misc 2d 408).

The affidavit of the plaintiff's medical expert is insufficient to establish that the plaintiff has a viable cause of action to recover damages on behalf of the infant. The expert conceded that the infant suffered cardiac arrest in utero, and his conjecture that the infant might have had some brain wave activity up to eight minutes after cardiac arrest, and therefore at the time of delivery, is without evidentiary support. In any event, the legal standard for "fetal death" in New York is not the cessation of brain wave activity. Rather, fetal death is proved by the absence of heartbeat, lack of pulsation of the umbilical cord, and lack of "definite movement of voluntary muscles" (Public Health Law § 4160 [1]; *see also People v Hayner,* 300 NY 171). O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.