■ JORDAN EDWARD LEACH, an Infant, by His Mother and Natural Guardian, CAROLYN ODDO, et al., Respondents, v OCEAN BLACK CAR CORP. et al., Appellants. [996 NYS2d 307]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated February 19, 2013, as, upon renewal, adhered to its original determination in an order dated May 2, 2012, denying that branch of their motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff Carolyn

Oddo, individually, sustained a serious injury under the "loss of a fetus" category of Insurance Law § 5102 (d) as a result of the subject accident, and, in effect, vacated its original determination in the prior order denying that branch of the plaintiffs' cross motion which was for summary judgment on so much of the complaint as alleged that the plaintiff Carolyn Oddo, individually, sustained a serious injury under the "loss of a fetus" category of Insurance Law § 5102 (d) as a result of the subject accident, and thereupon granted that branch of the plaintiffs' cross motion.

Ordered that the order dated February 19, 2013, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the determination in the order dated May 2, 2012, denying that branch of the defendants' motion which was for summary judgment on so much of the complaint as alleged that the plaintiff Carolyn Oddo, individually, sustained a serious injury under the "loss of a fetus" category of Insurance Law § 5102 (d) as a result of the subject accident is vacated, that branch of the defendants' motion is thereupon granted, and the determination in the order dated May 2, 2012, denying that branch of the plaintiffs' cross motion which was for summary judgment on so much of the complaint as alleged that the plaintiff Carolyn Oddo, individually, sustained a serious injury under the "loss of a fetus" category of Insurance Law § 5102 (d) as a result of the subject accident is adhered to.

On December 12, 2006, the plaintiff Carolyn Oddo was involved in a motor vehicle accident with a vehicle owned by the defendant Ocean Black Car Corp. and operated by the defendant C.M. Morselli. Oddo was pregnant at the time of the accident, and she alleges that she suffered a placental abruption which caused her son, the infant plaintiff, to be born prematurely and delivered by caesarean section. Following the accident, the infant plaintiff, by his mother Oddo, and Oddo individually, commenced this action to recover damages for the resulting injuries allegedly sustained by each of them.

The defendants subsequently moved, inter alia, for summary judgment dismissing so much of the complaint as alleged that Oddo, individually, sustained a serious injury under the "loss of a fetus" category of Insurance Law § 5102 (d) as a result of the subject accident, and the plaintiffs cross-moved, inter alia, for summary judgment on that portion of the complaint. In the order appealed from, upon renewal, the Supreme Court adhered to a prior determination denying that branch of the defendants' motion which was for summary judgment as to that issue, and granted the corresponding branch of the plaintiffs' cross mo-

tion. In reaching its determination, the Supreme Court concluded, in essence, that the phrase "loss of a fetus" encompassed any termination of a pregnancy caused by an accident, regardless of whether the fetus was born alive.

In cases involving statutory construction, legislative intent is the controlling principle (*see Matter of Brown v Wing*, 93 NY2d 517, 522 [1999]). "The Court's threshold inquiry in this regard is how to discern the legislative intent. When an enactment displays a plain meaning, the courts construe the legislatively chosen words so as to give effect to that Branch's utterance" (*id.*). Contrary to the Supreme Court's determination, the plain meaning of the term "loss of a fetus" does not include the premature birth of a living child. Rather, this category of damages is applicable where, as a result of an automobile accident, a viable pregnancy terminates with loss of the fetus (*see Brown v Mat Enters. of NY Inc.*, 97 AD3d 401 [2012]; *Lawman v Gap, Inc.*, 38 AD3d 852, 853 [2007]).

We note that this determination is consistent with legislative history, which reveals that the "loss of a fetus" category was added to Insurance Law § 5102 (d) in 1984 in response to *Raymond v Bartsch* (84 AD2d 60 [1981]). In that case, the Appellate Division, Third Department, held that Insurance Law § 5102 (d), as then constituted, did not permit a woman, who was nine months pregnant at the time of her accident, to recover damages resulting from her delivery of a stillborn baby. The "loss of a fetus" category was added to the statute in recognition that "[a] woman who is involved in an automobile accident that results in the termination of her pregnancy has suffered a serious injury and should have the right to recover from a negligent operator for her non-economic loss" (Sponsor's Mem, Bill Jacket, L 1984, ch 143). The policy considerations underlying the 1984 amendment of Insurance Law § 5102 (d) are not implicated when a child is born alive.

Accordingly, upon renewal, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that Oddo, individually, sustained a serious injury under the "loss of a fetus" category of Insurance Law § 5102 (d) as a result of the subject accident, and adhered to its prior determination denying that branch of the plaintiffs' cross motion which was for summary judgment on that portion of the complaint. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.